**In the Matter of Kenneth D. FAW, Respondent.**

No. 21S00–1103–DI–158.

Supreme Court of Indiana.

Feb. 15, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was the prosecutor for Fayette County, and SD was an employee of the office. A police officer arrested SD's husband, BD, for the theft of metal pipes, which he had sold to a scrap yard. BD admitted he took the pipes but said he thought they were abandoned. The owner of the pipes told the officer that they were not abandoned or scrap. After transporting BD to the jail, the officer prepared an affidavit of probable cause and a report, which was delivered to the prosecutor's office. Respondent did not petition the trial court for the appointment of a special prosecutor to handle the case. Instead, he told his staff he would handle the matter personally and spoke to the officer about the arrest. No criminal charges were filed against BD.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful; and (4) Respondent served over 20 years in the Connersville Police Department and over nine years as the prosecutor for Fayette County.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.7(a)(2), which prohibits representing a client (the State) when the representation may be materially limited by the attorney's own self-interest or the attorney's responsibilities to a third person.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submis-

sions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.